IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **MONTE CHARLES**, on behalf of himself and others similarly situated, | : : | CASE NO. 3:24-cv-00255 |
| Plaintiff, | : : : | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. | : : | |
| **AMERICAN PHOENIX, INC.** | : : | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | : : : | |

Plaintiff Monte Charles ("Plaintiff"), individually and on behalf of others similarly situated, files this Collective Action Complaint against Defendant American Phoenix, Inc. ("Defendant") for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*. This FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff also seeks all available relief under the Kansas Wage Payment Act ("KWPA") for Defendant's failure to pay Plaintiff and others similarly situated all wages due. Plaintiff's KWPA claim is brought as a class action pursuant to Fed. R. Civ. P. 23.

The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others. Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## INTRODUCTION

1. This case challenges certain policies and practices of Defendant that violate the FLSA and KWPA.

2. Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly situated" persons who may join this case pursuant to § 216(b) (the "Opt-Ins").

3. Plaintiff also brings this claim as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the KWPA on behalf of other employees employed by Defendant in the State of Kansas.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant is a resident of this judicial district and division.

## PARTIES

7. Plaintiff is an individual, a United States citizen, and a resident of the State of Kansas.

8. Plaintiff was employed by Defendant within the three years preceding the date of filing of this Complaint.

9. Plaintiff was employed as an hourly, non-exempt production employee of Defendant as defined in the FLSA. Specifically, Plaintiff was employed by Defendant as an hourly operator at Defendant's production facility in Topeka, Kansas. During his employment, Plaintiff worked forty (40) or more hours in one or more workweek(s).

10. During Plaintiff's employment, Defendant did not compensate him for integral and indispensable work. As a result, Plaintiff was not fully and properly paid at a rate of one-and-one-half times his regular rate of pay for all of his hours worked in excess of 40 hours per workweek, in violation of the FLSA.

11. Likewise, Defendant applied its pay practices and/or policies to its other similarly situated hourly, non-exempt employees. These similarly situated hourly employees worked forty (40) or more hours in given workweeks. These practices and/or policies resulted in these similarly situated hourly employees not being paid at a rate of one-and-one-half times their regular rate of pay for all of their hours worked in excess of 40 hours per workweek, in violation of the FLSA.

12. Plaintiff brings this action on behalf of himself and other similarly situated employees, and he has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Plaintiff's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A.**

13. Defendant is a Minnesota corporation that has a principal place of business located at 800 Wisconsin Street, No. 11, Eau Claire, Wisconsin 54703.

14. Defendant employed Plaintiff and other similarly situated employees at its facilities across the country.

15. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

16. At all relevant times, Defendant has determined, shared, or co-determined those matters governing the essential terms and conditions of employment for Plaintiff and similarly situated employees at Defendant's facilities.

17. At all relevant times, Defendant suffered or permitted Plaintiff and other similarly situated hourly production employees to work. The work that Plaintiff and other similarly situated hourly production employees performed was for Defendant's benefit.

18. Because the work performed by Plaintiff and all other similarly situated employees benefited Defendant and directly or indirectly furthered its interests, Defendant is the "employer" of Plaintiff and other similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 203(d), and KWPA, K.S.A. § 44-313.

19. Plaintiff and others similarly situated are "employees" within the meaning of 29 U.S.C. § 203(d) and K.S.A. § 44-313.

20. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

21. Plaintiff and others similarly situated are employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

22. At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the FLSA and KWPA.

**FACTUAL ALLEGATIONS**

23. Plaintiff and Defendant's other hourly production employees are involved in industrial rubber mixing and chemical packaging. Plaintiff and other similarly situated hourly production employees routinely handle rubber, chemicals, or other materials while processing and producing their respective products.

24. The rubber mixing process is, by Defendant's own admission, dirty. In fact, on Defendant's LinkedIn page, it trumpets the fact that the work its employees perform is a "dirty job"[1]:



25. To further make the point, Defendant routinely posts pictures on the internet of its employees performing their work, including on LinkedIn[2], and its own website.[3]

---

[1] https://www.linkedin.com/posts/american-phoenix_dirty-jobs-activity-7183876281590059008-dBX5?utm_source=share&utm_medium=member_desktop (last accessed April 15, 2024).

[2] https://www.linkedin.com/posts/american-phoenix_america-rubber-activity-7167924817927548928-OcQA?utm_source=share&utm_medium=member_desktop (last accessed April 15, 2024).

[3] https://apimix.net/careers/ (last accessed April 15, 2024).

5





26. Notably, the dust that is generated by the rubber mixing process can be hazardous. According to the National Institute for Occupational Safety and Health, "[r]espiratory effects and chronic disabling pulmonary diseases were reported to be more prevalent among rubber workers in the curing, processing (premixing, weighing, mixing, and heating of raw ingredients), and finishing and inspection areas of tire and nontire plants[.]"[4]

27. Because Plaintiff and Defendant's other hourly production employees are dirty and covered with potentially harmful rubber dust and other materials after they complete their job duties, they doff their uniforms at Defendant's facility and clean themselves, either by taking a shower or washing their hands, arms, face, and any other exposed part of their body.

28. If Plaintiff and Defendant's other similarly situated hourly production employees did not doff their clothing at their place of work and clean themselves, they risked contaminating their personal spaces, including their vehicles and homes, with dust, chemicals, or other materials generated in Defendant's manufacturing facilities.

29. Thus, these post-shift duties were integral and indispensable to Plaintiff's and Defendant's other similarly situated hourly production employees' job duties, and therefore constituted compensable "work" within the meaning of the FLSA.

30. Despite performing this post-shift work that was integral and indispensable to their job duties, Defendant did not compensate Plaintiff and Defendant's other similarly situated production employees fully for this post-shift work.

---

[4] https://www.cdc.gov/niosh/docs/93-106/default.html (last accessed April 15, 2024).

31. Defendant also did not count all of the time Plaintiff and Defendant's other similarly situated production employees engaged in post-shift work as "hours worked," as required by the FLSA.

32. Thus, at all relevant times, Defendant failed to pay Plaintiff and other similarly situated hourly production employees for all overtime work performed because of Defendant's policy and/or practice of not paying these employees for post-shift work.

33. As a result of Defendant's companywide policies and/or practices described above, Defendant knew or had reason to know that it was not compensating Plaintiff and other similarly situated hourly production employees for all overtime pay that they actually earned.

34. Defendant's failure to compensate Plaintiff and other similarly situated hourly production employees in Kansas for this post-shift work caused these employees not to be paid all wages due at least once during each calendar month.

35. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

36. Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to calculate damages and/or it otherwise failed to keep such records.

## **FLSA COLLECTIVE ALLEGATIONS**

37. Plaintiff brings his FLSA claim pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and all other similarly situated employees of the following opt-in collective:

> All current and former hourly, non-exempt production employees of Defendant who were paid 40 or more hours of work in any workweek during the 3 years preceding the filing of this Complaint and continuing through the final disposition of this case (the "FLSA Collective" or "FLSA Collective Members").

38. Plaintiff and the FLSA Collective Members were all subject to the same policies and/or practices described above, which resulted in unpaid overtime.

39. During the last three (3) years, Defendant did not compensate Plaintiff and the FLSA Collective Members for all overtime wages that they earned.

40. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation unpaid in violation of the FLSA, liquidated damages, and attorneys' fees.

41. In addition to Plaintiff, the FLSA Collective Members have been denied proper overtime compensation due to the companywide unlawful policies and/or practices described herein. Defendant failed to meet the minimum requirements of the FLSA by not paying Plaintiff and the putative FLSA Collective Members overtime wages for all overtime hours worked. Plaintiff is representative of those other similarly situated hourly production employees and is acting on behalf of their interests as well as his own in bringing this action.

42. The identities of the putative FLSA Collective Members are known to Defendant and readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

**KANSAS CLASS ACTION ALLEGATIONS**

43. Plaintiff also brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and a class of persons, defined as:

> All current and former hourly, non-exempt production employees of Defendant in Kansas who worked at least one workweek during the 3 years preceding the filing of this Complaint and continuing through the final disposition of this case (the "Class" or "Class Members").

44. The Class is so numerous that joinder of all Class Members is impracticable. Plaintiff is unable to state the exact size of the potential Class but, upon information and belief, aver that it consists of at least 100 people.

45. There are questions of law or fact common to the Class including: whether Defendant was required to compensate its employees for the post-shift work described herein, and whether Defendant failed to pay its employees all wages due at least once during each calendar month.

46. Plaintiff will adequately protect the interests of the Class. His interests are not antagonistic to but, rather, are in unison with, the interests of the Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class in this case.

47. The questions of law or fact that are common to the Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

48. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.

Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**FIRST CAUSE OF ACTION:**
**FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

49.   All of the preceding paragraphs are realleged as if fully rewritten herein.

50.   This claim is brought as part of a collective action by Plaintiff on behalf of himself and the FLSA Collective.

51.   The FLSA requires that employees receive overtime compensation at one-and-one-half times (1.5x) their regular rates of pay for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207(a)(1).

52.   During the three (3) years preceding the filing of this Complaint, Defendant employed Plaintiff and the FLSA Collective Members.

53.   Plaintiff and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

54.   Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in one or more workweek(s) but were not paid for all overtime hours worked because of Defendant' failure to pay for post-shift work, and its failure to count post-shift work as "hours worked" as required by the FLSA.

55.   Defendant violated the FLSA with respect to Plaintiff and the FLSA Collective Members by failing to pay overtime for certain hours worked over forty (40) hours in a workweek at one-and-one-half times (1.5x) their regular rates of pay because of Defendant's companywide policy and/or practice described herein.

56. Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

57. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Plaintiff and the FLSA Collective Members are entitled.

58. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

59. As a direct and proximate result of Defendant's conduct, Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

## SECOND CAUSE OF ACTION:
## KANSAS WAGE PAYMENT ACT –
## CLASS ACTION FOR UNPAID WAGES

60. All of the preceding paragraphs are realleged as if fully rewritten herein.

61. This claim is brought as part of a class action by Plaintiff on behalf of himself and the Class.

62. The KWPA requires that "[e]very employer shall pay all wages due to the employees of the employer at least once during each calendar month, on regular paydays designated in advance by the employer." K.S.A. § 44-314(a).

63. During the three (3) years preceding the filing of this Complaint, Defendant employed Plaintiff and the Class Members.

64. Plaintiff and the Class Members regularly performed the post-shift work described herein, but were not paid wages by Defendant for performing this work.

65. Defendant's failure to compensate Plaintiff and the Class Members for the post-shift work at least once during each calendar month violated the KWPA.

66. Defendant knew or should have known of the wage payment requirements of the KMWA. Despite such knowledge, Defendant willfully withheld and failed to pay the wages to which Plaintiff and the Class Members are entitled.

67. The exact total amount of compensation that Defendant has failed to pay Plaintiff and the Class Members is unknown at this time, as the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

68. As a direct and proximate result of Defendant's conduct, Plaintiff and the Class Members have suffered and continue to suffer damages. Pursuant to K.S.A. § 44-315(b), Plaintiff seeks the unpaid wages due, plus a penalty in the amount of one percent of the unpaid wages for each day or in an amount equal to the unpaid wages, as provided by the KWPA, and all other remedies available under the law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests judgment against Defendant and for an Order:

A. Facilitating prompt issuance of notice pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 to the FLSA Collective and Class, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

B. Finding that Defendant failed to keep accurate records and that, as a result, Plaintiff, the FLSA Collective Members, and the Class Members are entitled to prove their hours worked with reasonable estimates;

C. Awarding to Plaintiff, the FLSA Collective Members, and the Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA and penalty allowed by the KWPA;

D. Awarding to Plaintiff, the FLSA Collective Members, and the Class Members unpaid compensation, costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

E. Granting Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

F. Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action;

G. Awarding to Plaintiff, the FLSA Collective Members, and the Class Members such other and further relief as the Court deems just and proper; and

H. Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever.

## JURY DEMAND

Plaintiff hereby demand a trial by jury on all claims so triable.

Respectfully Submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (OH Bar No.76017)
7034 Braucher St., N.W., Suite B
North Canton, OH 44720
Telephone:      330-470-4428
Facsimile:      330-754-1430
Email: hans@ohlaborlaw.com

*Counsel for Plaintiff*